UNITED STATES DISTRICT COURT
FOR DISTRICT OF COLUMBIA

DATE: NOV-27, 2006

Mihretu Bulti Daissa
1355 NEW YORK AVE-NE
Washington DC-
                Plaintiff

HOWARD UNIVERSITY
Board of Education
2400 - 6th - St - N·W
Washington DC - 20059
                Defendent-

FILED
DEC 14 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

CASE RE-ASSIGNED
DEC 31 2007
TO: SULLIVAN J. EG

JURY ACTION

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT
RECEIVED NOV 27 2006

CASE NUMBER   1:06CV02142
JUDGE: Unassigned
DECK TYPE: Civil Rights (non-employm
DATE STAMP: 12/14/2006

COMPLAINT

(1) JURISDICTION OF this court has ORIGINAL for all civil-actions arising under the Constitution, Laws, or treaties of United States of America.
    For effective and applicable provisions see:- 1980 acts, sect-4 of pub-L·96-486 as provided-
    This act, amendment, this sections set out as noted under sect-1 of this Title shall apply to any civil action pending on the date of enactment of this act - (DEC-1, 1980)

(2) District Court has jurisdiction in all civil actions arising under the Constitution and Laws securing fairness in administration of justice-
    (persuant to Rule 1)

(3) District Court has wide discreation to enlarge the time limits or Revive them after they have expired - there shall be NO time limits on Federal power exercising

1

-2-

its discreations. This court jurisdiction is not limited to state laws, statues, to Relive a party on this Claim.

see:- Fed-R-6(b) as Amended on 1946
Fed-R-6(c) abrogates any limits on judicial power in this court-

(4) "Any court of united states may Authorize the Commencement, prosecution or Defense of any suit action or proceeding--civil or criminal or appeal there in, without pre-payment of fees or give security--therfor, such affidavit shall state the nature of the action, Defense or appeal and Affiants belief that the person is entitled to Redress.

(Persuant to 28 U.S.C-SS 1915(a)(1) and 28 U.S.C-SS 1915(e)(1)

## II CAUSE OF ACTION (SUBJECT MATTER)

*→ violation of 1964 civil Right Act as Amended on 1974 — Title **IX** Educational Amendment.— with its Remedy: civil-Right Act of 1984

## III FACTUAL GROUND (STATEMENT OF CLAIM or ISSUES)

(1) On or between June 15, 1998 plaintiff submitted school application forms, signed, dated, Authorized Federal Financial Aid, educational ORIGINAL TRANSCRIPT OF College credited, Diplomas, to defendent undergraduate Business office.

(2) plaintiff was not received promissed acceptance to college or alternative (Rejection) defendent's GRANT at its ~~jurisdiction~~ where as others received Admission Letter and were on orientation different from

plaintiff--.

3- Looking for Immediate verbal or written Response appillant plaintiff walked to school, but frightened Physically and verbally Refussing all property or educational Documents, Diplomas, Federal Financial Aid-Authorized--Defendent violated Federal Rule 9. sect- b, c.

4- Defendent Board of education breached educational degree Contract; it entred fraud at will; after accepting signed, dated, Authorized financial Aid promissory notes, $50 dollars in cash, personal privacy dates, Diplomas, College unofficial Transcript.

5- Enforcing the laws of united states is Citizinary accountability when frauded in the law abided city of Federal Congress--so--on Sep. 24, 1998 Filed Civil-lawsuit in District of Columbia superior Court-- for Aug. 21, 1998 Administrative local solution Requested by United state postal R-814793603 failed.

6- Defendents in Group Removed this case from District of Columbia superiour court to this court, and had been on trial until 04/29/2002 and plaintiff intervained on Aug 2, 2005 and moved this court persuant to Fed-R-ordined--

7- Defendent Howard University discreminated plaintiff, treated him different from other students; it admitted to Common Federal schooling system in the Nation, violated 1983 Civil-Right statues that Remedy Title IX educational Amendments of 1964 Civil Right Act as Amended on 1978.

8- Defendent university has no special Right to Revoke any Laws, prohibited from making different Rules for admission or polices different from other as matter of fairness but violated Federal Question 1332 as Amended on 1952 statues.

  see: (Jurisprudence on General Contract for Education)
  see:- Mr-story's Commentary P. 503 in Large edition on P. 1379.

9- This court and united states supreme court have Ruled on educational Title IX Claims as anequal trement, discreminatory act -- prohibiting any sourt of violating Federal Rights in this NATION's Federal schooling oversight systems.

  see:- JAKSON V.s. Birming Board of Education NO: 02-1672, March 30, 2005 permitting Plaintiff Right to sue as Admission discremination victum, as defendent failed to honer its promises to serve all -- holding plaintiff's Right not to choose another schools, owing its personal properties.

10- Defendent entry to educational Degree programm Contract to plaintiff, Receival of educational Doccuments in its Custody, holding student Federal Financial Aid promissory note -- admitivelly agrant, Can not be Revoked by any different polices for plaintiff -- that Impaired educational progress obligation plaintiff based its Claims -- persuant to equal opportunity clause as Congressional statues Confers -- (U.S. Constitution Article I through 10)

11- Plaintiff suffered school admission discremination, prevented from attending class different from other accepted student for fall semister 1998-99 - entitled for Relief-

12- Plaintiff Respectfully Request Trial by jury persuant to Federal Rule 38, sect-(a)

13- wherefor, Plaintiff demand judgment against defendent in sum $ 20 million.

Respectfully

Mihretu Butto Dasisa
1355 NEW YORK AVE-NE-
Washington D.C-20002